IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| RYAN YARBROUGH, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 3:14CV00043-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Plaintiff, Ryan Yarbrough, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for child disability benefits and supplemental security income. Both parties have submitted appeal briefs and the case is for ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the court must consider evidence that detracts from the commissioner's decision as well as evidence that supports it; the court may not, however, reverse the commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any

1

medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(d)(1)(A).  A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).  After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

In support of his Complaint, Plaintiff argues that when considering his eligibility for child disability benefits, the ALJ failed to fully consider his bipolar disorder and overall mental limitations.  (Doc. No. 11 at 10-13.)   With regard to his application for supplemental security benefits, Plaintiff argues that the ALJ failed to properly assess his credibility and gave too much credit to the report of Kenneth B. Jones, Ph.D.

While clearly Plaintiff does have some limitations as a result of his mental impairments, there is substantial evidence in the record to support the ALJ's determination.  Plaintiff's strongest evidence come from hospitalizations in 2006 and 2009.  (Tr. 313-407, 413-481.)   These hospitalizations indeed show the situational severity of Plaintiff's mental impairments.  However, aside from these two episodes, the overall evidence of record supports the ALJ's conclusions.  The documentation from Plaintiff's high school is  consistent with the ALJ's findings.  (Tr. 149-160.)  And, while it would have been best for Dr. Jones to have had the medical records from Plaintiff's previous hospitalizations, the Court is unwilling to reverse the ALJ's decision on this basis.  Dr. Jones's report evidences that he completed a thorough evaluation of Mr. Yarbrough and Plaintiff is reminded it was his burden to prove his disability.

Although Plaintiff disagrees, a review of the ALJ's opinion shows he considered Plaintiff's

Case 3:14-cv-00043-JJV   Document 14   Filed 11/21/14   Page 3 of 3

subjective allegations at great length, but found them less than credible. His credibility analysis was proper. He made express credibility findings and gave multiple valid reasons for discrediting Plaintiff's subjective complaints. *E.g., Shelton v. Chater*, 87 F.3d 992, 995 (8th Cir. 1996); *Reynolds. v. Chater*, 82 F.3d 254, 258 (8th Cir. 1996); *Hall v. Chater*, 62 F.3d 220, 224 (8th Cir. 1995). His credibility findings are entitled to deference as long as they are supported by good reasons and substantial evidence. *Gregg v. Barnhart,* 354 F.2d 710, 714 (8th Cir. 2003).

Plaintiff has made other arguments that the Court has considered and finds to be without merit. It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 21st day of November, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

3